# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Samuel Leshawn Jackson,

        Petitioner,        Case No. 17-cv-10906

v.                                       Hon. Judith E. Levy
                                         United States District Judge

Daniel Lesatz,[1]

                                         Mag. Judge Patricia Morris

        Respondent.

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS [1]

## I. BACKGROUND

Petitioner Samuel Leshawn Jackson is incarcerated at the Baraga Correctional Facility in Baraga, Michigan. Following a jury trial in the Saginaw County Circuit Court, Petitioner was convicted of two counts of assault with intent to murder, Mich. Comp. Laws § 750.83, three counts of possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, and one count of carrying a

---

[1] The Court amends the caption to reflect the current warden where Petitioner is incarcerated.

1

dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226. He was sentenced to 235 months to forty years for assault with intent to murder, two years for each felony-firearm conviction, and thirty months to five years for carrying a dangerous weapon. Petitioner's conviction was affirmed on appeal. *People v. Jackson*, No. 319398, 2015 WL 3648932 (Mich. Ct. App. June 11, 2015); *lv. den.* 498 Mich. 951 (2015).

On March 16, 2017,[2] Jackson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Jackson challenges his convictions on the grounds that three aspects of his criminal trial violated his federal constitutional rights to due process and to a fair trial. (ECF No. 1, PageID.21.)

Petitioner did not exhaust his claims because he did not raise them in state court. Instead of dismissing the petition, the Court stays the proceedings and holds the petition in abeyance to permit Petitioner to return to state courts to properly exhaust his claims. The Court will also administratively close the case.

## II. LEGAL STANDARD

---

[2] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on March 16, 2017, the date that it was signed and dated. *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999).

2

A state prisoner seeking federal habeas relief must first exhaust his available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)-(c); *Baldwin v. Reese*, 541 U.S. 27, 27 (2004). The exhaustion requirement allows "state courts an opportunity to act on [a petitioner's] claims before [they] present those claims to a federal court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). A federal court may not reach the merits of a habeas petition if even one claim has not been fully exhausted. *Id.* "Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits." *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy,* 455 U.S. 509 (1982)). A habeas petitioner has the burden of proving that they have exhausted their state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002) (citing *Rust v. Zent,* 17 F.3d 1555, 160 (6th Cir. 1994)). A federal court may itself raise the issue of exhaustion. *See Benoit v. Bock,*

237 F. Supp. 2d 804, 806 (E.D. Mich. 2003) (citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)).

To satisfy the exhaustion requirement, a habeas petitioner must have presented each claim to the state courts as a federal constitutional issue, not merely as an issue that arises under state law. *Hruby v. Wilson*, 494 Fed. App'x 514, 517 (6th Cir. 2012) (internal citations omitted). To do so, petitioners must cite to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Fuller v. Winn*, Case No. 18-13988, 2019 WL 4023788, *2 (E.D. Mich. Aug. 27, 2019) (citing *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993)). It is not enough that all the facts necessary to support the federal claim were presented to the state court or that a somewhat similar state law claim was made. *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

### III. ANAYLSIS

Each of Petitioner's claims alleges a violation of his federal constitutional rights. However, Jackson did not raise any of his current federal constitutional arguments during his state-court appeal. M.C.R.

7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. *See Dando v. Yukins,* 461 F.3d 791, 797 (6th Cir. 2006). While Jackson challenged the same underlying incidents on direct appeal as he does in this petition, Jackson's statement of questions and appellate brief show that his state-court appeal raised only state law claims and a single Sixth Amendment claim. Therefore, he has not exhausted his current federal constitutional claims.

### A. Failure to Permit *Voir Dire*

Jackson's first claim challenges the trial court's refusal to allow the defense to *voir dire* prospective jurors before dismissal. In his habeas petition, he alleges that "[he] was denied his state and federal constitutional rights to due process of law where the trial court erred when it excluded prospective jurors for cause without first permitting the Defense the opportunity to *voir dire* them." (ECF No. 1, PageID.21.) On his direct appeal, Jackson framed the issue only as a Sixth Amendment violation: "whether defendant was deprived of his Sixth Amendment constitutional right to an impartial jury drawn from a fair cross section of the community by the trial court's application of MCR 2.511(d)(1), challenging potential jurors for cause." (ECF No. 10-20, PageID.861.) As

this comparison makes clear, Petitioner is raising due process arguments for the first time. Additionally, neither Petitioner's appellate brief nor the Court of Appeals' opinion mention due process. (ECF No. 10-20, PageID.866-867; *People v. Jackson*, 2015 WL 3648932.)

### B. Failure to Exclude Prejudicial Evidence

Jackson's second claim challenges the admission of prejudicial evidence. In his habeas petition, he alleges that "[he] was denied his state and federal constitutional rights to due process of law and a fair trial guaranteed him through the Fifth and Fourteenth amendments when the trial court abused its discretion to allow prejudicial and irrelevant evidence to be admitted into the trial proceedings." (ECF No. 1, PageID.21.) By contrast, on direct appeal Jackson only challenged the evidentiary admissions on state law grounds. He presented the question to the Michigan Court of Appeals as "whether the police officer's expert testimony regarding a group photo, and a portion of a witness interview, was impermissible character evidence." (ECF No. 10-20, PageID.861.) Petitioner's appellate brief does not reference any violation of his due process rights or right to a fair trial. (ECF 10-20, PageID.867-870.) The Court of Appeals' opinion also does not address Jackson's due process

rights or right to a fair trial with respect to this claim. *People v. Jackson*, 2015 WL 3648932.

### C. Prosecutorial Misconduct

Jackson's third claim challenges the Prosecution's calling of a witness who subsequently invoked his Fifth Amendment rights. In his habeas petition, Jackson claims that

> "[he] was denied his state and federal constitutional rights to due process of law and a fair trial guaranteed him through the Fifth and Fourteenth amendments when the prosecution committed misconduct by calling a witness to testify that invoked his Fifth Amendment right . . . depriv[ing] Mr. Jackson of a fair and impartial trial."

(ECF No. 1, PageID.21.) On his direct appeal, Jackson limited his challenge to the question of "whether a witness' attempted on-the-stand assertion of privilege against self-incrimination prejudiced defendant, and whether the prosecution intentionally or negligently contributed to making a witness unavailable." (ECF No. 10-20, PageID.861.) As with his second claim, Jackson's appellate brief does not address either his due process rights or his right to a fair trial. (ECF 1-20, PageID.870-872.) The Court of Appeals also

did not mention Jackson's federal constitutional rights in its opinion. *People v. Jackson*, 2015 WL 3648932.

### D. Failure to Exhaust

To bring his claims in his current petition, Jackson needed to have first exhausted each claim in state court. Jackson did not raise a due process or fair trial claim in the headings or body of his appeal brief. *See Wagner v. Smith*, 581 F.3d 410, 415-17 (6th Cir. 2009). Nor does Jackson's appellate brief cite any state or federal cases employing federal constitutional analysis. *See Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006). Thus, Jackson did not fairly present the issue of federal due process rights or the right to a fair trial in his state-court appeal. He has not exhausted any of his claims.

### E. Available State-Court Relief

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry into whether there are available state-court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort

to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto*, 207 F. Supp. 2d at 676.

In this case, Petitioner may still seek state-court relief from judgment with the Saginaw County Circuit Court under M.C.R. 6.502. If the Circuit Court denies Jackson's motion, Petitioner is required to appeal to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust any claims. M.C.R. 6.509, 7.203, & 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. HOLDING CASE IN ABEYANCE

The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Petitioners can find themselves in a procedural trap when their original habeas petition is timely filed but includes unexhausted claims, as is the case here, but a second, fully exhausted petition could be time barred by the statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court notes that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state-court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 277. A court may do so even if a petitioner does not specifically request seek an administrative stay and abeyance. *See e.g. Banks v. Jackson,* 149 F. App'x 414, 422, n. 7 (6th Cir. 2005).

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Indeed, the State's carefully crafted, fifty-page response to Jackson's petition demonstrates that deciding this case will require careful evaluation of the law and the facts. (ECF No. 9.)

Petitioner also has good cause for failure to exhaust his claims. The good-cause requirement "is not intended to impose the sort of strict and

inflexible requirement that would trap the unwary pro se prisoner," *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (internal quotation omitted). This Court has consistently held that appellate counsel's failure to raise a claim on direct appeal constitutes good cause for holding the petition in abeyance pending exhaustion. *See Lanton v. Lafler*, No. 2:06-CV-11103, 2007 WL 2780552, *2 (E.D. Mich. Sep. 24, 2007). Petitioner was represented by counsel on appeal but now proceeds *pro se*. Petitioner may assert that he did not previously raise his claims in the state courts as federal claims due to the ineffective assistance of appellate counsel. *Wagner*, 581 F.3d at 419 & nn. 4, 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. Petitioner will have ninety days from the date of this Order to file a post-conviction motion for relief from judgment with

11

the state trial court. After exhausting his state-court remedies, he must ask this Court to lift the stay within ninety days. If the conditions of the stay are not met, "the stay may later be vacated [retroactively] as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### IV. ORDER

The case is **STAYED.**

Petitioner may file a motion for relief from judgment with the state court within ninety days of receipt of this Court's Order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will lift the stay and dismiss this petition without prejudice.

Petitioner is **ORDERED** to notify the Court within seven days from the time he files a motion for relief from judgment. The case will then be held in abeyance pending Petitioner's exhaustion of the claim or claims.

Petitioner may refile his habeas petition, using the same caption and case number, within ninety days after the conclusion of the state-court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Upon receipt of Petitioner's refiled habeas petition following exhaustion of state remedies, the Court will lift the stay.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS SO ORDERED.

Dated: October 29, 2019       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2019.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager