UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Samuel Leshawn Jackson,

        Petitioner,

                                          Case No. 17-10906
v.                                         Hon. Judith E. Levy
                                          Mag. Judge Patricia T. Morris
Mark McCullick,

        Defendant.

_____/

## **ORDER SATISFYING SHOW CAUSE**

On October 29, 2019, Petitioner was given ninety days to file a motion for relief from judgment in state court and was ordered to notify the Court within seven days of filing that motion. (ECF No. 13, PageID.1028.) The Court issued an order on February 11, 2020 for Plaintiff to show cause in writing why this case should not be dismissed for Petitioner's failure to comply with the terms of the Court's October 29, 2019 Order. (ECF No. 14) On February 25, 2020, Petitioner informed the Court that he filed a motion for relief from judgment on February 12, 2020. (ECF No. 15, PageID.1033.) Petitioner explains that he had good cause for the delay, as he relied on assistance from a Legal Writer's Program with limited capacity. *Id.*

On March 2, 2020, Petitioner filed a "Motion to Show Cause for Failure to Comply with the October 29, 2019 Order." (ECF No. 16.) Petitioner's motion further explains the reasons for delay. (ECF No. 16, PageID.1038). Petitioner moves for the Court to waive his noncompliance. (*Id*. at PageID.1039.) Because the Court finds that Petitioner had good cause for his failure to comply with the precise terms of the October 29, 2019 Order, and Petitioner has now filed a motion for relief from judgment in state court, the Court will grant Petitioner's motion and vacate the Order to Show Cause.

Accordingly, Petitioner's motion is **GRANTED**. The order to show cause has been satisfied and is hereby **VACATED**. The case will remain **STAYED**. Pursuant to the Court's October 29, 2019 Order, Petitioner may refile his habeas petition, using the same caption and case number, within ninety days after the conclusion of the state-court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims. Upon receipt of Petitioner's refiled habeas petition following exhaustion of state remedies, the Court will lift the stay.

Failure to comply with any of the conditions of the stay could

result in the dismissal of the habeas petition. Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS SO ORDERED.

                                      s/Judith E. Levy
                                      JUDITH E. LEVY
                                      UNITED STATES DISTRICT JUDGE

Date: March 5, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 5, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

                                      s/William Barkholz
                                      Case Manager